UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 6:10-cr-00423-GRA-07 |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Patrick Prince, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes by Defendant's motion before the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). ECF No. 438. For the following reasons, Defendant's Motion is DENIED.

## Background

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be

applied retroactively. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore, this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to liberally construe pleadings filed by a *pro se* litigant in order to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Defendant was first sentenced on March 11, 2011, with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | 29 |
| Criminal History Category: | V |
| Months Imprisonment: | 140 to 175 |

Taking into consideration these Guidelines, the Court sentenced Defendant to 140 months for Count 1. This sentence was within the range indicated by the Guidelines. Furthermore, Defendant's sentence was not reduced pursuant to U.S.S.G. § 5k1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was

rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account all of the amendments to §§ 1B.10 & 2D.10, the Court finds that Defendant's sentencing range will remain the same. Here, Defendant was originally sentenced after the Fair Sentencing Act was enacted, and the Guidelines were calculated correctly.[1] Therefore, the Defendant has already received the benefit of the Fair Sentencing Act's new sentencing ranges and he does not qualify for a reduction under 18 U.S.C. § 3582(c)(2). Furthermore, the Defendant is not entitled to a reduction pursuant to the Supreme Court's ruling in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). In *Dorsey*, the Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. Here, even though Defendant falls into the category of pre-Act offenders sentenced post-Act, he was not sentenced based on the statutory mandatory minimum, but under the Guideline's suggested sentencing range. *See* ECF No. 291. At the time, Defendant was subject to a statutory mandatory minimum sentence of ten years (120 months); however, he was sentenced to a term of 140 months. *Id.* Therefore, as his sentence was not based on the mandatory minimum, he cannot be resentenced under *Dorsey*.

---

[1] The Fair Sentencing Act was enacted on August 3, 2010. Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372.

### Conclusion

Having calculated and considered the revised Sentencing Guidelines, specifically the provisions of §§ 2D1.1(c) and 1B1.10, effective November 1, 2011, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, the Defendant's motion is DENIED. All provisions of Defendant's previous sentence dated March 11, 2011 remain in full force.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 11, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**